## Poust v. Bull

*Arthur Swartz*, for petitioner; *Preston Davis*, for respondent.
*Frank H. Strouss*, for sheriff.

HOLLISTER, J., July 30, 1934.—The above-mentioned matter comes before the court on a petition by the plaintiff, Brady Poust, for a rule on Charles R. Lark, the sheriff of this county, to show cause why he should not make a return of the writ of fi. fa. issued to no. 46, May term, 1934, and why he should not pay to plaintiff, the petitioner, the amount of said judgment, with interest and proper costs.

It appears from the testimony that the defendant, Mrs. Grace Bull, was indebted to the plaintiff upon a certain judgment, properly entered in the prothonotary's office of Northumberland County, upon which judgment a writ of fi. fa. was regularly issued and the writ placed in the hands of Charles R. Lark, Sheriff of Northumberland County. The said writ was returnable on April 9, 1934.

A levy on the personal property of the defendant in the writ was properly made, but the sheriff has failed to make a return of the said writ and has not caused the goods of the defendant in the said writ to be sold, giving as a reason for his failure to make a proper return or hold a sale of the goods levied upon that on April 9, 1934, the return day of the writ, he was served with certain claims and requested the attorney for the plaintiff in said writ to advise whether or not he should compel the parties presenting claims to enter an interpleader, to which request the attorney for the plaintiff stated that he would advise him at a later date, and nothing further appears to have been done by the sheriff. The plaintiff in the writ then presented the above-mentioned petition for a rule on Charles R. Lark, the sheriff.

It is the contention of the plaintiff in this case that the sheriff is bound to make a return of the writ, and we agree with the contention but cannot agree that this court can now enter judgment in favor of the plaintiff for the amount due the plaintiff with interest in this proceeding.

It is the duty of the plaintiff in our opinion to issue an alias. The property levied upon still remains upon the premises of the defendant in the same condition as it was at the time of the original levy, and a sale can be had after proper notice has been given and in this manner mitigate the damages sustained by the plaintiff. The time for the return of the writ has now expired, and the sheriff is helpless to make a proper return without the issuance of an alias writ of fi. fa. After a sale is held upon the alias writ of fi. fa., if the plaintiff can then show that he has been damaged, his right of action is against the bond of the sheriff.

This court cannot enter a summary judgment on the proceedings as they are now before us. There is no testimony upon this record tending to show that

plaintiff was damaged by the failure of the sheriff to make a return of the writ.

We are therefore of the opinion that this court is without authority to decide the question submitted to us upon the motion and rule presented in this case. The rule is therefore discharged at the cost of the petitioner.